

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
**ATTORNEY GENERAL**

August 28, 1953

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. S-91

Re: Applicability of the tax on
coin-operated machines im-
posed by Article 7047a - 2
et seq., V.C.S., to coin-op-
erated mechanical riding
devices.

Dear Mr. Calvert:

Your request for an opinion from this office reads in
part as follows:

"Articles 7047a-2 to 7047a-18, as amended,
levies taxes on certain types of coin-operated ma-
chines.

"At the present time there are quite a num-
ber of coin-operated mechanical riding devices
operating in this State. These rides are in the form
of hobby horses, airplanes, boats, etc. and are op-
erated with a 5¢ or 10¢ coin. All of the rides are
for children.

". . .

"I will appreciate your opinion as to whether
or not the above described coin-operated mechani-
cal devices are subject to this tax levied by Articles
7047a-2 to 7047a-18. To my knowledge there is no
litigation now pending that would have any bearing on
the above question."

The definitions of terms and phrases as used in the
"coin-operated machine tax" statute appear in Article 7047a-2.
Subsection (c) reads:

"The term 'coin-operated machine' as used
herein shall mean and include every machine or de-
vice of any kind or character which is operated by
or with coins, or metal slugs, tokens or checks,

'music coin-operated machines' and 'skill or pleasure coin-operated machines' as those terms are hereinafter defined, shall be included in such terms."

Subsection (e) reads:

"The term 'skill or pleasure coin-operated machines' as used herein shall mean and include every coin-operated machine of any kind or character whatsoever, when such machine or machines dispense or are used or are capable of being used or operated for amusement or pleasure or when such machines are operated for the purpose of dispensing or affording skill or pleasure, or for any other purpose other than the dispensing or vending of 'merchandise or music' or 'service' exclusively, as those terms are defined herein. The following are expressly included within said term: marble machines, marble table machines, marble shooting machines, miniature race track machines, miniature football machines, miniature golf machines, miniature bowling machines, and all other coin-operated machines which dispense or afford skill or pleasure. Provided that every machine or device of any kind or character which dispenses or vends merchandise, commodities or confections or plays music in connection with or in addition to such games or dispensing of skill or pleasure shall be considered as skill or pleasure machines and taxed at the higher rate fixed for such machines."

The coin-operated mechanical devices referred to in your opinion request come within the purport of "skill or pleasure coin-operated machines" as that term is defined in the taxing statute and they are therefore subject to the tax levied by Article 7047a-2 et seq.

The doctrine of ejusdem generis imports that general words following an enumeration of particular or specific things will be confined to things of the same kind. 39 Tex. Jur. 202, Statutes, Sec. 109. A careful consideration of the verbiage used in the definitions provided for under Article 7047a-2, and especially subsection (e), will reveal that the general words precede the specific enumerations and that the doctrine of ejusdem generis will not apply in this instance.

The gist of subsection (c) is that the term "coin-operated machine" means every machine or device of any kind or character operated by coins, metal slugs, tokens or checks, and that "music coin-operated machines" and "skill or pleasure coin-operated machines"

shall be included. The gist of subsection (e) is that the term "skill or pleasure coin-operated machines" means every coin-operated machine of any kind or character whatsoever when the machines are used for amusement or pleasure, or afford skill or pleasure, or are used for any other purpose excepting the vending of merchandise, music or service. The statute continues by stating that certain machines specifically enumerated are expressly included in the said term.

The term included is not a word of limitation but rather of enlargement. Peerless Carbon Black Company v. Sheppard, 113 S.W.2d 996 (Tex.Civ.App. 1938, error ref.). Consequently indiscriminate application of the doctrine of "ejusdem generis" would do violence to the intent of the Legislature as revealed by the language of this statute under consideration.

## SUMMARY

Coin-operated mechanical riding devices are "skill or pleasure coin-operated machines" as that term is used in the coin-operated machines tax statute (Art. 7047a-2 et seq., V.C.S.) and are therefore subject to said tax.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

W. V. Geppert
Taxation Division

By William W. Guild

Mary K. Wall
Reviewer

William W. Guild
Assistant

Burnell Waldrep
Executive Assistant

John Ben Shepperd
Attorney General

WWG:mg